(No. 4149▮

SHAN DURKIN, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed October 20, 1949.*

SHAN DURKIN, Claimant, pro se.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, Shan Durkin, seeks to recover under the provisions of the Workmen's Compensation Act for the partial loss of use of her right arm and for medical expenses incurred and paid by her in the amount of $329.00 as a result of an accident arising out of and in course of

her employment as secretary to the Director of the Department of Public Works and Buildings.

The accident occurred on July 23, 1947, in the suite of offices in the Capitol Building, Springfield, Illinois, of the Director and Assistant Director of the Department of Public Works and Buildings. Claimant was going from the inner office to the reception room and was struck by the swinging gate between such rooms which caused her to lose her footing and fall to the floor. As a result of the falling, claimant sustained a comminuted displaced fracture above the elbow of her right arm and the tearing of the fascia and ligaments in her right elbow.

Claimant paid all of the medical and hospital bills incurred in connection with her accident, and treatment continued until December 8, 1948.

The record also shows that within a week after her accident, claimant returned to work and was paid her full salary and was never paid any compensation.

Claimant filed her complaint on December 22, 1948, approximately eighteen months after the accident occurred.

This Court has repeatedly held that it has no jurisdiction to hear a claim under the Workmen's Compensation Act where the claimant fails to file her claim within the time set by Section 24 of said Act. *Stuenkel* v. *State,* 16 C.R.R. 34; *Stallard* v. *State,* 16 C.C.R. 78; *Benner* v. *State,* 16 C.C.R. 104; *Britt* v. *State,* 16 C.C.R. 114; *Rathje* v. *State,* 16 C.C.R. 177; *Clifton* v. *State,* 16 C.C.R 298; *Domianus* v. *State,* 17 C.C.R. 197.

The Stuenkel case above cited is quite similar to the instant case on the facts and the law therein announced is controlling.

Hugo Antonacci, 502 Illinois National Bank Building, Springfield, Illinois, was employed to take and trans-

cribe the evidence before Commissioner Jenkins. Charges in the amount of $14.20 were incurred for such services, which amount is fair, reasonable and customary, and an award is therefore entered in favor of Hugo Antonacci for such amount.

Claimant having failed to comply with the provisions of Section 24 of the Workmen's Compensation Act, her claim must be and is hereby denied.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."